# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY LEE KEY, | 1:10-cv-01025-OWW-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| HECTOR A. RIOS, JR., | [Doc. 1] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND[1]

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California. He challenges his conditional guilty plea and sentence in the United States District Court for the Southern District of West Virginia for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  He was sentenced under the armed career criminal statute to 210 months imprisonment.

Petitioner appealed his conviction and sentence to the Fourth Circuit Court of Appeals and United States Supreme Court.  On April 22, 1998, the Fourth Circuit affirmed the conviction. Petitioner petitioned for a writ of certiorari to the United States Supreme Court which was denied.

---

[1] This information was derived from the petition for writ of habeas corpus and attachments thereto.

1

1      On September 14, 1999, Petitioner filed a motion to vacate, set aside or correct the
2 sentence pursuant to 28 U.S.C. § 2255 in the sentencing court, which was denied on August 2,
3 2000.
4      On January 2, 2001, the Fourth Circuit denied Petitioner's petition for rehearing.
5      On April 16, 2001, Petitioner filed a petition for writ of certiorari in the United States
6 Supreme Court, which was denied.
7      On December 21, 2009, Petitioner mailed a letter to the United States Court of Appeals
8 for the Fourth Circuit which he requested be construed as a petition under 28 U.S.C. § 2244
9 authorizing the filing of a second or successive application for relief under 28 U.S.C. § 2255.  On
10 March 11, 2010, the Fourth Circuit denied Petitioner's request for relief, in case number 09-321.
11     On April 5, 2010, Petitioner attempted to file a petition for writ of habeas corpus under
12 28 U.S.C. § 2241(a) in the United States Supreme Court, which was returned by the Court on
13 April 14, 2010.  Petitioner attempted again to file a petition on April 27, 2010, which was
14 returned by the Court on May 5, 2010.
15     Petitioner filed the instant petition for writ of habeas corpus on June 7, 2010.  Petitioner
16 argues that the his prior escape conviction was not a "violent felony" under the Armed Career
17 Criminal Act (ACCA).  Petitioner also contends that he is actually innocent of the ACCA
18 sentencing designation because he has not suffered three prior violent felony or serious drug
19 offenses.

## DISCUSSION

21     A prisoner who wishes to challenge the validity or constitutionality of his federal
22 conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence
23 under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v.
24 Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997);
25 Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).  In such cases, *only the sentencing*
26 *court has jurisdiction*. Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal
27 conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. §
28 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see

also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

In this case, Petitioner is challenging the validity and constitutionality of his federal sentence rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

As Petitioner acknowledges, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. Id; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

To the extent Petitioner claims that § 2255 is inadequate and ineffective, it is without merit. It appears that Petitioner is attempting to argue that the in light of the United States Supreme Court's recent decisions in Chambers v. United States, __ U.S. __, 129 S.Ct. 687, 172 L.Ed.2d 484 (2009), and Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed. 490 (2008), he could not have filed a 2255 challenge to the ACCA sentencing enhancement because

those cases had not yet been decided.  Although these decisions were decided after the time for filing a § 2255 motion, Petitioner has not and can not demonstrate that § 2255 is inadequate and ineffective.  It is clear that Petitioner's arguments do not demonstrate the § 2255 forum to be inadequate or ineffective. First, as Petitioner concedes, he has had several unobstructed procedural opportunities to present his claims after the decisions in Begay and Chambers, and he has done so. The savings clause can only be satisfied if Petitioner has been denied the *opportunity* to present his claims, which he has not.  The fact that the § 2255 motion was denied does not render this avenue inadequate or ineffective.  Aronson v. May, 85 S.Ct. at 5; Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.1999) ("the dismissal of a § 2255 motion pursuant to 28 U.S.C. § 2244(b) does not render federal habeas relief an ineffective or inadequate remedy.")

Petitioner further claims that he is "actually innocent," not of the federal crimes for which he pled guilty, but of being a "armed career criminal" pursuant to 18 U.S.C. § 924(e).  This claim "is not, by itself, a claim of actual innocence." Stephens v. Herrera, 464 F.3d 895, 899 (9th Cir. 2006).  Petitioner's legal theory is not based on "newly discovered evidence" demonstrating that he actually innocent.  Nor is it based on a new rule of constitutional law.  The decision in Begay, was based solely on a statutory construction of the sentencing provision.  In addition, because Petitioner's claim is based on a sentencing enhancement, Petitioner cannot demonstrate the requisite showing that "'it is more likely than not that no reasonable juror would have convicted him.'" Id. at 898.  It is not a "crime" to be a "armed career criminal offender"; rather such status serves only to increase a sentence of a defendant who fails within the statutory definition. Petitioner's arguments fail to satisfy the savings clause, and the instant petition should be dismissed.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED because the petition does not allege grounds that would entitle petitioner to relief under 28 U.S.C. § 2241.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the

1  Local Rules of Practice for the United States District Court, Eastern District of California.
2  Within thirty (30) days after being served with a copy, any party may file written objections with
3  the court and serve a copy on all parties.  Such a document should be captioned "Objections to
4  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served
5  and filed within fourteen (14) days after service of the objections.  The Court will then review the
6  Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that
7  failure to file objections within the specified time may waive the right to appeal the District
8  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 22, 2010**          /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE